## In re WIENER.
### Patent Appeal No. 2947.

Court of Customs and Patent Appeals.
April 4, 1932.

Sydney I. Prescott, of New York City (George S. Hastings, of Brooklyn, N. Y., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 1, 2, 8, and 9 in appellant's application for a patent for an alleged invention relating to improvements in a "constant—level tobacco—feed for cigarette machines," and particularly to a mechanism for maintaining tobacco in the hopper of a tobacco feeding machine at a substantially uniform level.

Claim 1 is illustrative. It reads: "1. In a tobacco feed, the combination with a device for feeding a stream of tobacco from a magazine, of mechanism for intermittently delivering quantities of tobacco to said magazine, and means for variably measuring and regulating at will the amount of tobacco delivered by said mechanism to that fed from the magazine."

The reference is Ruau, 1,501,622, July 15, 1924.

As stated in the involved claims, appellant provides a device for feeding tobacco from a magazine into a hopper and a mechanism for intermittently delivering quantities of tobacco to the magazine, and means for "variably measuring and regulating at will the amount of tobacco delivered by said mechanism to that fed from the magazine."

The patent to Ruau relates to a tobacco feeding apparatus for cigarette machines. The patentee discloses an endless conveyor provided with pockets for intermittently delivering quantities of tobacco to the hopper. The conveyor is automatically started or stopped by a filler head in contact with the tobacco in the hopper. When the level of the tobacco in the hopper falls below a predetermined level, the filler head operates a clutch to start the operation of the conveyor. When the level of the tobacco in the hopper rises above the predetermined level, the filler head disengages the clutch and the conveyor is stopped. The patentee depended upon the rise and fall of the tobacco level in the hopper to control the starting and stopping of his conveyor feed. He did not disclose any means for variably measuring and regulating at will the quantities of tobacco delivered by the conveyor feed.

The Board of Appeals held that if the conveyor of the patentee delivered the tobacco at an undesirable rate, a mere adjustment of the speed of the conveyor, or a mere change in the size of the pockets thereon, would accomplish the same results as those obtained by appellant's device; that is to say, by merely dispensing with the filler head and its clutch operating rod and their functions, and regulating the speed of the conveyor or increasing the size of the pockets thereon, the amount of the tobacco in the hopper could be maintained at a substantially uniform level. Such a modification of the Ruau device, it was held, would not amount to invention.

Appellant was allowed several claims, which specifically define his device. However, the appealed claims are so broad as to read upon the references as changed or adjusted as hereinbefore stated. We are of opinion that such changes or adjustments would not involve invention, but would be obvious to one of ordinary mechanical skill.

The decision is affirmed.

Affirmed.